IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARYLE G. EMEL, : No. 4:09-CV-0664
:
    Plaintiff, :
v. : (Judge McClure)
:
ELIZABETH SINGLETON, et. al., :
: (Magistrate Judge Blewitt)
    Defendants. :

## MEMORADUM

March 17, 2010

## BACKGROUND:

On April 10, 2009, plaintiff Cheryle G. Emel, proceeding pro se, commenced this civil action by filing a complaint. (Rec. Doc. No. 1). Defendants are Postmaster Elizabeth Singleton, Postmaster Kimberly Waite, Clerk Stephanie Houser, US Postal Inspector Andrew C. Katerman, Jr., Labor Relations Specialist Michael A. Olsavsky and FMLA Coordinator R. M. Wallace. In her complaint, Emel alleges violations of her Fifth Amendment Due Process rights, the Americans with Disabilities Act ("ADA")[1] and alleges that the defendants were involved in civil RICO[2] activity.

---

[1] 42 U.S.C. §§ 12101, et. seq.

[2] 18 U.S.C. §§ 1962, et. seq.

1

On October 30, 2009, defendants Singleton, Waite, House and Katerman filed a motion to dismiss. (Rec. Doc. No. 18). They filed a supporting brief on November 12, 2009. (Rec. Doc. No. 20). Emel filed an opposing brief November 19, 2009. (Rec. Doc. No. 22). Defendants filed a reply brief December 4, 2009. (Rec. Doc. No. 25).

On November 20, 2009, defendants Olsavsky and Wallace filed a motion to dismiss and a supporting brief. (Rec. Doc. Nos. 23 and 24). Emel filed an opposing brief December 30, 2009. (Rec. Doc. No. 27). Defendants filed a reply brief January 7, 2010. (Rec. Doc. No. 28).

On February 11, 2010, Magistrate Judge Blewitt issued a forty-five page report and recommendation recommending that both motions be granted and the case dismissed. (Rec. Doc. No. 29). On February 25, 2010, Emel filed her objections. (Rec. Doc. No. 25). On March 4, 2010 defendants filed their response. (Rec. Doc. No. 4). Thus the matter is ripe for disposition.

Now, therefore, we will adopt the report and recommendation of the magistrate judge, in part, insofar as it is consistent with this order, and grant the defendants' motions to dismiss in part and deny them in part.

**DISCUSSION**:

A district court reviews de novo those portions of a magistrate judge's report

and recommendation to which a party objects. M.D. Pa. Local R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Plaintiff asserts causes of action under RICO, the ADA and Fifth Amendment Due Process. The magistrate judge recommended that both motions to dismiss be granted. The magistrate judge noted that Emel's complaint is vague and confusing, in violation of Federal Rules of Civil Procedure 8(a) and 10, but he did not recommend dismissal on this basis.

With respect to plaintiff's Due Process claim, which the magistrate judge construed to have been brought pursuant to Bivens[3], and ADA claim, the magistrate judge recommended that the claims be dismissed because the action was not brought prior to the expiration of the statute of limitations. We agree with the magistrate judge that the statute of limitations has run on both plaintiff's Bivens and ADA actions, and, for judicial economy we will not rehash the sound reasoning of the magistrate judge; instead we refer to the report and recommendation for his analysis of the statute of limitations issue.[4] Plaintiff did

---

[3]Bivens v. Six Unknown Named Agents of Fed. Bur. Of Narcotics, 403 U.S. 388 (1971).

[4]We adopt the discussion of the magistrate judge with the exception of the statement found at line 2 of page 14, "Based on Plaintiff's allegations and the

3

not object to these findings in the report and recommendation. Thus, we will dismiss plaintiff's Bivens and ADA claims.

We are unable to adopt the reasoning of the magistrate judge with respect to plaintiff's RICO claims. The magistrate judge relied on matters presented outside the pleadings in making his recommendation. To do that, we would have to treat the motion as one for summary judgment pursuant to Fed. R. Civ. P. 12(d). As a result, we will not adopt any part of the report and recommendation that relies on the exhibits attached to the briefs. However, we do agree with the magistrate judge that plaintiff's RICO claims are vague and fail to state a cognizable RICO claim. However, as plaintiff has attempted to formulate a RICO claim in her opposing briefs, we will afford plaintiff an opportunity to amend her complaint to state a cognizable RICO claim. Although the magistrate judge believes it would be futile to allow plaintiff to amend her complaint, and that may well be, regardless, because she is proceeding pro se we will allow plaintiff another bite at the apple, so to speak.

Plaintiff is advised that her amended complaint must comply with Federal Rules of Civil Procedure 8 and 10. Plaintiff is further advised that she may file an

---

exhibits submitted." We did not consider any "matters outside the pleadings" that would invoke Fed. R. Civ. P. 12(d).

amended complaint re-stating her RICO claim only. This is not an opportunity to attempt to restate her ADA or Bivens claims, as both are barred by the applicable statutes of limitations.

Finally, plaintiff objects to the report and recommendation asserting that dismissing her complaint would result in a Seventh Amendment violation. The dismissal of plaintiff's ADA and Bivens claims does not result in a Seventh Amendment violation as she has failed as a matter of law to present an issue for trial. See Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990).

**CONCLUSION:**

Plaintiff's ADA and Bivens claims are dismissed. Plaintiff will be given fourteen days in which to amend her RICO claim only. If plaintiff does not file an amended complaint stating a cognizable civil RICO claim within fourteen days, the complaint will summarily be dismissed for failure to state a claim. Plaintiff is advised to follow Federal Rules of Civil Procedure 8 and 10 when drafting her amended complaint.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARYLE G. EMEL, | : | No. 4:09-CV-0664 |
| Plaintiff, | : | |
| v. | : | (Judge McClure) |
| ELIZABETH SINGLETON, et. al., | : | |
| | : | (Magistrate Judge Blewitt) |
| Defendants. | : | |

## ORDER

March 17, 2010

1. The Report and Recommendation of the magistrate judge is ADOPTED, in part, insofar as it is consistent with the accompanying memorandum. (Rec. Doc. No. 29).

2. The Motion to Dismiss of Singleton, Waite, Houser and Katerman is GRANTED in part and DENIED in part. (Rec. Doc .No. 18).

3. The Motion to Dismiss of Olsavsky and Wallace is GRANTED in part and DENIED in part. (Rec. Doc. No. 23).

4. The Bivens and ADA claims are dismissed, with prejudice, as against all defendants.

5. Plaintiff has fourteen (14) days to file an amended complaint stating a cognizable civil RICO claim. If plaintiff does not file an amended complaint

within fourteen (14) days, the complaint will be summarily dismissed for failure to state a claim upon which relief may be granted.

6. The case file is remanded to the magistrate judge for further proceedings consistent with this order.


        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge